Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
MICHAEL GRECCO PRODUCTIONS, INC.,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZIFF DAVIS, LLC; and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No. ____________________<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Michael Grecco Productions Inc. alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Michael Greeco Productions, Inc. ("MGP") is a California corporation with a principal place of business in Los Angeles, California.

6. Defendant Ziff Davis, LLC ("Defendant") is a Delaware limited liability company registered to do business in California with a place of business in Culver City, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Michael Greeco Productions, Inc.*

9. MGP is a professional media and photography company run by renown celebrity photographer Michael Grecco.

10. Grecco, is an award-winning commercial photographer and film

director noted for his iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for such companies such as NBC/Universal, GE, Pfizer, HBO, Kodak, ABC, IBM, Yahoo!, ESPN, Wired, Time, Entertainment Weekly, Esquire, Premier, and MAXIM. His work is regularly featured in prestigious galleries around the world.

11. A portfolio of Grecco's work, is available for viewing by general public through Plaintiff's website http://www.michaelgrecco.com/.

12. Due to the high quality and limited availability of Grecco's works, MGP routinely licenses and/or sells individual photographs for thousands of dollars.

13. MGP is the exclusive rights holder to two photographs taken by Grecco of actors Gillian Anderson and David Duchovny who starred on the hit television show The X-Files (the "Images").

14. MGP has registered the Images with the United States Copyright Office under registration numbers VA 1-232-596 and VA 2-030-741 respectively.

***Defendant Ziff Davis, LLC***

15. According to its website, Defendant Ziff Davis LLC "is a leading global digital-media company" that "produce[s] and distribute[s] premium content across multiple platforms and devices." *See* https://www.ziffdavis.com/.

16. Defendant claims that its platform has garnered 1.1 billion video views, 1.6 billion total visits and 86 million shopping clicks.

17. In 2013, Defendant acquired AskMen® which Defendant claims "is the No. 1 authority on men's lifestyle in the world, boasting a truly global audience reached by editions in the US, Canada, UK, Australia and licensed editions in Germany, Turkey, the Middle East and beyond." *See* https://www.ziffdavis.com/portfolio-item/askmen.

18. Defendant also owns IGN® "the leading Internet media company focused on the video game and entertainment enthusiast markets. IGN reaches more than 151 million monthly users and is followed by more than 11 million subscribers

on YouTube and 30 million users on social platforms." *See* https://www.ziffdavis.com/portfolio-item/ign.

19. Defendant owns and operates the websites www.askmen.com and www.ign.com ("Defendant's Websites") through which is promotes its AskMen® and IGN® properties.

***Defendant's Infringing Conduct***

20. On or about November 2018, MGP discovered that Defendant used the Images on Defendants' Websites.

21. The first Image appeared on Defendant's Website www.askmen.com in an article titled "Emmy-Winning TV Series On Netflix: 18 Incredible Shows You've Never Seen Before That You Need To Netflix, ASAP."

22. The second Image appeared on Defendant's Website www.ign.com in an article titled "Gillian Anderson doesn't think an X-Files movie would happen until 2016; possibly too late for an invasion storyline."

23. These will be collectively referred to as the "Infringing Articles."

24. Attached hereto as Exhibit B are true and correct copies of the Infringing Articles.

25. MGP did not consent to authorize, permit, or allow in any manner the use of the Images by Defendant.

26. On information and belief, Defendant knew that she did not possess any rights in the Images and that its use of the Images was unauthorized.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Images.

28. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Images in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited

through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Images of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

29. Specifically, Defendant copied and then publically displayed the Images on Defendant's Websites in connection with the infringing Articles.

30. Plaintiff is informed and believes that Defendant has the right and ability to supervise and control the content of Defendant's Websites.

31. Plaintiff is informed and believes that Defendant receives a financial benefit from content posted to Defendant's Websites in the form of, among other things, advertising revenue generated by visitors to Defendant's Websites.

32. Plaintiff is informed and believes that the content on Defendant's Websites acts as a draw for users of the Internet to visit Defendant's Websites in order for Defendant to increase its advertising revenues.

33. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 if willful or up to $30,000 if unintentional pursuant to 17 U.S.C. § 504(c).

34. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For an award of pre- and post-judgment interest; and,
- For any other relief the Court deems just and proper.

Dated: May 31, 2019

Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Michael Grecco Productions, Inc., hereby demands a trial by jury in the above matter.

Dated: May 31, 2019

Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*