Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
MICHAEL GRECCO PRODUCTIONS, INC.,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC., | Case No. 2:19-cv-04776-DSF-PJW |
| Plaintiff, | **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| ZIFF DAVIS, LLC; and DOES 1 through 10 inclusive, | |
| Defendant. | |

**OPPOSITION TO MOTION TO DISMISS**

## I.   INTRODUCTION

This is a straightforward case of copyright infringement. Plaintiff Michael Grecco Productions Inc. ("MGP") is the exclusive rights holder to two photographs of actors Gillian Anderson and David Duchovny who starred on the hit television show The X-Files (the "X-Files Images"). Complaint ¶13. MGP registered the X-Files Images with the United States Copyright Office under two separate registration certificates, with effective dates of registration of September 8, 2003, and January 22, 2017, respectively. Complaint ¶13; Declaration of Ryan E. Carreon ("Carreon Decl.") ¶¶4-5, Exhibits A-B.

Defendant Ziff Davis, LLC ("Ziff Davis") is the owner of the websites www.askmen.com and www.ign.com ("Defendant's Websites"). Complaint ¶19. In 2014, Defendant published two articles on Defendant's Website ("Infringing Articles"), which contained the X-Files Images. Complaint ¶¶20-23, Exhibit B.

MGP discovered the infringements in November of 2018 and filed this lawsuit seven months later. Complaint ¶20.

On August 6, 2019 at 4:43 p.m., Defendant's counsel emailed a meet and confer letter regarding Defendant's intent to file a Motion to Dismiss. Carreon Decl. ¶ 10. Defendant's counsel concluded the letter by requesting that Plaintiff's counsel "please confirm" that he was available for a call at 2 p.m. the very next day. Carreon Decl. ¶12. Later that evening, Plaintiff's counsel responded by stating that he had a conflicting court appearance at that time, and that due to such late notice, he would not be available to confer until Thursday or Friday. Carreon Decl. ¶¶13-15, Exhibit C. On Thursday, August 8, 2019, counsel for the parties conferred by telephone. Carreon Decl. ¶16. On the call, counsel agreed to stipulate to the date that the Infringing Articles were published on Defendant's Websites. Carreon Decl. ¶17.

Six days after the meet and confer call, Defendant filed the instant Motion on August 14, 2019. Carreon Decl. ¶18. Defendant's Motion makes statements of fact regarding what occurred on the parties meet and confer call, and even contains an

exhibit, but does not include a sworn declaration from counsel. Notably, in its Motion, Defendant does not deny that it used MGP's X-Files Images in the manner alleged by MGP. In any event, Defendant's Motion should be denied for the reasons stated below.

## II.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). In deciding a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). Accordingly, for a defendant to be successful in a Rule 12(b)(6) motion, there must either be (1) a "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"When ruling on a motion to dismiss, [the court] may generally consider only allegations contained in the pleadings. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). However, the court "may [also] consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz*, 476 F.3d at 763.

Defendant has not demonstrated any legitimate grounds for MGP's Complaint to be dismissed. MGP has sufficiently alleged a timely cause of action under the Ninth Circuit "discovery" rule, a factual inquiry for which Defendant, not MGP, bears the burden of proof. MGP has also adequately alleged that Defendant's

1   infringement is willful, but in any event, and insufficiently pled allegation of

2   willfulness is properly addressed on as 12(f) motion to strike, and not a 12(b)(6)

3   motion to dismiss.

4          Finally, the allegations in MGP's Complaint as well as the documents

5   incorporated by reference therein, demonstrate that MGP has sufficiently alleged that

6   it is eligible to recover statutory damages and attorneys fees as to at least one of the

7   infringements alleged.

8          Therefore, Defendant's Motion must be denied.

9   **III.   MGP'S COPYRIGHT INFIRNGEMENT ACTION ACCRUED WELL WITHIN THE THREE YEAR LIMITATIONS PERIOD**

10         The Ninth Circuit has consistently applied the "discovery" rule when

11  analyzing the Copyright Act's three-year statute of limitations, and the Complaint

12  clearly alleges that MGP's discovery of the infringements took place within three

13  years of filing this lawsuit. *See* Complaint ¶20. Furthermore, as the statute of

14  limitations is an affirmative defense, the burden is on *Defendant*, not MGP, to

15  demonstrate that MGP's delayed discovery is unreasonable given the circumstances.

16  Regardless, such determination is a question of fact not suitable to be resolved on a

17  12(b)(6) motion to dismiss. Defendant's Motion should therefore be denied.

18         **A. MGP Has Adequately Pleaded A Timely Cause Of Action In Accordance With The Ninth Circuit "Discovery" Rule.**

19

20         The Copyright Act provides that "[n]o civil action shall be maintained under

21  the [Act] unless it is commenced within three years after the claim accrued." 17

22  U.S.C. § 507(b). Courts in the Ninth Circuit apply the "discovery" rule  The Ninth

23  Circuit has historically employed the "discovery rule"—which provides that a claim

24  accrues when the copyright infringement is discovered—to determine when a claim

25  for copyright infringement "accrue[s]" under the Copyright Act. *E.g.*, *Media Rights

26  Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014 (9th Cir. 2019); *Polar Bear Prods.,

27  Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). The Ninth Circuit recently

28  reaffirmed the propriety of this rule in May. *See Media Rights Techs., Inc. v.*

1   *Microsoft Corp.*, 922 F.3d 1014 (9th Cir. 2019). The statute of limitations is

2   an affirmative defense for which the defendant bears the burden of proof. *Entous v.*

3   *Viacom Intern., Inc.,* 151 F.Supp.2d 1150, 1154 (C.D.Cal. 2001); *see also Cal.*

4   *Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995).

5          Defendant argues that MGP's claims are barred by the statute of limitations

6   because both of the articles displaying the X-Files Images on Defendant's Website

7   were originally published in 2014, more than three-years before MGP filed the

8   instant lawsuit despite the fact that MGP's well-pleaded Complaint alleged that it

9   discovered the two infringements in 2018. *See* Complaint ¶20. Applying the

10  "discovery" rule at the pleading stage, the Court cannot dismiss MGP's complaint,

11  because the date a plaintiff discovers copyright infringement "is an issue of

12  fact." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir.

13  2004) (citation omitted). Defendant has not established that its statute of limitations

14  defense is clear on the face of the complaint. *See Tovar v. United States Postal Serv.*,

15  3 F.3d 1271, 1284 (9th Cir. 1993) ("In every civil case, the defendant bears

16  the burden of proof as to each element of an affirmative defense."); *Wyatt v. Terhune*,

17  315 F.3d 1108, 1117-18 (9th Cir. 2003) ("[I]t is well-settled that statutes of

18  limitations are affirmative defenses, not pleading requirements.").

19  **B. Defendant Cannot Show That MGP's Reasonable Should Have Discovered The Infringement Prior To 2018.**

20

21          Defendant has not and cannot show that MGP had any reason to suspect that

22  Defendant was infringing any of its photographs, let alone the X-Files Images , prior

23  to 2018, when MGP discovered the infringement at issue. Defendant has not pointed

24  to any allegation in the Complaint or proffered any evidence to suggest that MGP

25  was even aware of Defendant, Defendant's Website, or the two articles in question

26  prior to 2018 such that its allegations of discovery as alleged in the Complaint would

27  be implausible. Additionally, while Defendants attempts to rely on the fact that

28  Defendant's web platform has garnered over 1 billion views, Defendant has not

4
**OPPOSITION TO MOTION TO DISMISS**

shown, for example, that the Infringing Articles in question were widely viewed or disseminated as opposed to being only two of perhaps thousands or more of news articles on Defendant's Websites. Without identifying any information in the pleadings that would have prompted a reasonable inquiry by MGP, Defendant cannot simply rely on the passage of time to establish that MGP should have discovered the infringements sooner. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."(citation omitted)).

Defendant further argues that MGP has failed to allege the manner of discovery or the inability of MGP to have made an earlier discovery. While MGP concedes that it did not specifically plead these things, it is not MGP's burden to prove that the action is not time barred, rather, it is Defendant's burden to affirmatively prove that it is. *See Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995) ("A defendant raising the statute of limitations … has the burden of proving the action is time barred."). In any event, questions of facts are generally not suitable for disposition on a motion to dismiss. *See Free Speech Sys., LLC v. Menzel*, No. 19-cv-00711-WHO, 2019 U.S. Dist. LEXIS 101906, at *10 (N.D. Cal. June 18, 2019) ("reasonableness of discovering copyright infringement is generally a question of fact.")

MGP has adequately pled that it discovered the two infringements in 2018. *See* Complaint ¶20. In addition, when the infringements were discovered, the X-Files Image was still being publically displayed on Defendant's Website in connection with both Infringing Articles. Complaint, Exhibit B. Ostensibly, both Infringing Articles continued to generate advertising revenue for Defendant and to drive traffic to Defendant's Websites. If MGP's ability to bring an infringement suit were barred, it would be tantamount to granting Defendant a license to use the X-Files Image in

perpetuity since the X-Files Image could remain indefinitely on Defendant's Website without fear of any recourse from MGP.

Defendant's Motion should therefore be denied.

## IV. MGP HAS SUFFICIENTLY ALLEGED WILLFUL INFRINGEMENT.

Next, Defendant argues that MGP has failed to sufficiently allege that Defendant engaged in willful infringement.

### A. An Insufficient Allegation Of "Willfulness" Is Properly Disposed On A 12(f) Motion To Strike, Not A 12(b)(6) Motion To Dismiss.

As an initial matter, whether an infringement is "willful" does no go to the issue of liability as copyright infringement is a strict liability tort. *UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164, 1172 (E.D. Cal. 2006); *see also Educational Testing Service v. Simon*, 95 F.Supp.2d 1081, 1087 (C.D.Cal.1999) (copyright infringement "is a strict liability tort"). Rather, a finding of "willfulness" is only relevant to the amount of statutory damages available. 17 U.S.C. § 504(c)(2)("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.").

In that sense, even if MGP has failed to sufficiently allege that Defendant engaged in "willful" infringement, it cannot be said that MGP has "failed to state a claim for relief" under Rule 12(b)(6) as "willfulness" is not an element of copyright infringement. *See Feist Publ'ns, Inc*, 499 U.S. at 361 ("To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") The proper procedural vehicle for disposing of an insufficiently pled "willfulness" allegation would be a 12(f) motion to strike and not a 12(b)(6) motion for failure to state a claim. *See* Fed. R. Civ. Proc. 12(f) (The court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter.").

Since Defendant does not move for relief under Rule 12(f), its Motion under 12(b)(6) must be denied as to MGP's allegation of "willful" infringement.

### B. MGP Has Properly Alleged That Willful Infringement Occurred.

Willfulness is found when an infringer acts with knowledge that his or her conduct is infringing or when the infringing actions are undertaken with reckless disregard for the copyright holder's rights. *Sega Enters. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996). The Complaint makes the factual allegation that Defendant knew that it "did not possess any rights in the Images and that its use of the Images was unauthorized." Complaint ¶26. Defendant argues that MGP's allegations of willfulness are "conclusory" and not sufficiently factual. In the context of willfulness, a Defendant's state of mind is considered a factual issue. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985); *DC Comics v. Towle*, 989 F. Supp. 2d 948, 973 (C.D. Cal. 2013). Therefore, MGP's allegations concerning Defendant's state of mind, i.e. that it knew it did not possess any rights to the X-Files Images, is by definition an allegation of fact.

Defendant's criticism that MGP's willfulness allegation does not contain more facts is, in essence, an argument that this Court should apply a heightened pleading standard for willfulness. Such a standard would be directly at odds with the much more liberal Rule 8 pleading standard which requires only a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. Proc. 8(a)(2).

Defendant further argues that MGP's willfulness allegation must be dismissed because MGP failed to allege that Defendant knew that the X-Files Images were subject to copyright or that Defendant knew its conduct amounted to copyright infringement. This argument fails however because "all contemporary photographs are presumptively under copyright." *Brammer v. Violent Hues Prods., LLC*, 922 F.3d 255, 266 (4th Cir. 2019)(citing 17 U.S.C. § 302(a)). Regardless, MGP's allegation that Defendant knew that it "did not possess any rights in the Images and that its use

of the Images was unauthorized," taken as true, implicitly acknowledges that Defendant knew that authorization was required to use the X-Files Images in the first place, and therefore that the X-Files Images were protected by copyright.

MGP has therefore adequately alleged willful infringement and Defendant's Motion should be denied.

## V.    MGP HAS SUFFICIENTLY ALLEGED THAT IT IS ENTITLED TO RECOVER STATUTORY DAMAGES AND ATTORNEYS' FEES.

In resolving a Motion to Dismiss, the Court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Importantly, the Court can consider materials that are not "physically" attached to the complaint at issue but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

The Copyright Act provides that a copyright holder may recover actual damages and any profits of the infringer, or statutory damages. 17 U.S.C. § 504(a). In addition, the Copyright Act also provides that the prevailing party in an infringement action may be awarded attorneys' fees. 17 U.S.C. § 505. However, the Copyright Act also provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration." 17 U.S.C. § 412.

Defendant argues that MGP has failed to allege the elements of statutory damages, namely the date the infringement commenced, the date of registration, and the date of first publication. While MGP may not have expressly alleged these elements in the body of its Complaint, the documents incorporated by reference and attached as exhibits clearly establish these elements. As to the date the infringement commenced, MGP attached screenshots of the Infringing Articles which show the date the Infringing Articles were published. *See* Complaint, Exhibit B. Furthermore,

1  counsel has voluntarily stipulated to the date of publication of the Infringing Articles.

2  *See* Dkt. 14-15. Additionally, MGP's copyright registration certificates, which were

3  incorporated by reference in MGP's Complaint and are attached to the declaration of

4  counsel submitted with this Opposition, establish the date of registration and the date

5  of publication of the X-Files Images. Complaint ¶ 14; Carreon Decl. ¶¶4-5, Exhibits

6  A-B.

7       Defendant also contends that one of the two X-Files Images is not timely

8  registered and therefore does not qualify for statutory damages or attorneys' fees, but

9  also acknowledges that MGP has consistently conceded this point in both settlement

10  discussions and counsel's meet and confer call. Indeed, MGP acknowledges that only

11  one of the two X-Files Images is timely registered, however even in cases where

12  some works are timely registered while others are not, a copyright holder may still

13  recover statutory damages and attorneys fees as to the timely registered works. *See*

14  *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 144 (5th Cir. 1992)(holding that

15  plaintiff could recover statutory damages and attorneys fees for timely registered map

16  despite inclusion of untimely registered maps in the same lawsuit); *Fitzgerald Pub.*

17  *Co., Inc. v. Baylor Pub. Co., Inc.*, 670 F.Supp. 1133, 1141 (E.D.N.Y. 1987) (where

18  Defendant infringed multiple volumes of Plaintiff's works, only some of which were

19  registered prior to the commencement of the infringement, statutory damages and

20  fees available for those volumes that were timely registered.).

21       In its Complaint, MGP alleges that it is entitled to actual damages, statutory

22  damages, and attorneys' fees. Complaint ¶33. This is because, in fact, MGP is

23  entitled to these remedies by virtue of its timely registration of one of the X-Files

24  Images, though MGP concedes that not all remedies are available for both

25  infringements.

26       Because MGP is actually entitled to recover statutory damages and attorneys'

27  fees as established by the Complaint and the documents attached as exhibits and

28  incorporated by reference, Defendant's Motion should be denied.

## VI.   IN THE ALTERNATIVE, MGP SHOULD BE GRANTED LEAVE TO AMEND ITS COMPLAINT

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, it is clear on the face of the Complaint, and Defendant does not deny, that MGP's X-Files Images were used on Defendant's Websites without permission. Should the Court be inclined to grant Defendant's Motion, MGP would respectfully request that it be given leave to amend to cure any defect in the pleading. Defendant would not be prejudiced by allowing MGP the opportunity to amend at this early stage.

## VII.   CONCLUSION

In conclusion, Plaintiff Michael Grecco Productions Inc. respectfully requests that Defendant's Motion to Dismiss be denied, or in the alternative, that leave to amend the Complaint be granted.

Dated: August 26, 2019                         Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**OPPOSITION TO MOTION TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2019, I electronically filed this

**OPPOSITION TO MOTION TO DISMISS; DECLARATION OF RYAN E. CARREON**

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Daniel Alexander Kadin
daniel@ruttenbergiplaw.com, docket@ruttenbergiplaw.com

Guy Ruttenberg
guy@ruttenbergiplaw.com, docket@ruttenbergiplaw.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.   Executed on August 26, 2019, at Santa Ana, California.

**/s/ *Ryan E. Carreon***
Ryan E. Carreon