# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br>     Plaintiff, <br><br> v. <br><br> ZIFF DAVIS, LLC, <br>     Defendant. | CV 19-4776 DSF (PJWx) <br><br> Order GRANTING IN PART and DENYING IN PART Motion to Dismiss (Dkt. No. 17) |

    Defendant Ziff Davis, LLC has moved to dismiss Plaintiff's copyright claims on statute of limitations grounds and for failure to adequately plead willfulness and entitlement to statutory damages and attorney's fees. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 16, 2019 is removed from the Court's calendar.

    The alleged infringement occurred in 2014. This case was filed in 2019, well beyond the three-year limitations period. Plaintiff asserts that the discovery rule applies. "[T]he general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." Mangum v. Action Collection Serv., Inc., 575 F.3d 935,

940 (9th Cir. 2009) (internal quotation marks omitted). While Plaintiff has pleaded that it only discovered the infringement in 2018, it does not plead any facts that would suggest that it had no reason to know of the infringement prior to that date. Without those facts, there are not sufficient facts in the complaint to allow it to survive the statute of limitations challenge.

Willfulness is sufficiently pleaded. Plaintiff alleges that "Defendant knew that she [sic] did not possess any rights in the Images and that its use of the Images was unauthorized." Compl. ¶ 26. Defendant argues that this is insufficient, basically because Defendant believes it is necessary to affirmatively allege that Defendant knew someone else owned a copyright in the image. This is unpersuasive. It is reasonable to infer that a sophisticated defendant would be aware that photos taken within the past 30 years are subject to copyright protection.

Plaintiff concedes that statutory damages and attorney's fees are not available for the image first registered in 2017. As for the other image registered in 2003, the copyright registration is appropriately incorporated into the complaint and the allegations of the complaint, registration, and the allegedly infringing materials attached to the complaint are sufficient to plead entitlement to statutory damages and fees.

The motion is GRANTED IN PART and DENIED IN PART with leave to amend consistent with this order. An amended complaint must be filed and served no later than September 30, 2019. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new

claims. Leave to add defendants or claims must be sought by a separate, properly noticed motion. Defendant's response will be due October 21, 2019.

   IT IS SO ORDERED.

Date: September 9, 2019                   /s/ Dale S. Fischer
                                              Dale S. Fischer
                                              United States District Judge