Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
MICHAEL GRECCO PRODUCTIONS, INC.,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZIFF DAVIS, LLC; and DOES 1 through 10 inclusive, <br><br> Defendant. | Case No. 2:19-cv-04776-DSF-PJW <br><br> **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

**OPPOSITION TO MOTION TO DISMISS**

## I. INTRODUCTION

This is a straightforward case of copyright infringement. Plaintiff Michael Grecco Productions Inc. ("MGP") is the exclusive rights holder to two photographs of actors Gillian Anderson and David Duchovny who starred on the hit television show The X-Files (the "X-Files Images"). Amended Complaint ¶13. MGP registered the X-Files Images with the United States Copyright Office under two separate registration certificates, with effective dates of registration of September 8, 2003, and January 22, 2017, respectively. Amended Complaint ¶15.

Defendant Ziff Davis, LLC ("Ziff Davis") is the owner of the websites www.askmen.com and www.ign.com ("Defendant's Websites"). Amended Complaint ¶¶18-19. In 2014, Defendant published two articles on Defendant's Website ("Infringing Articles"), which contained the X-Files Images. Amended Complaint ¶¶23-25, Exhibit B. MGP did not grant a license to Defendant to use the X-Files Images on Defendant's Websites. Amended Complaint ¶¶27-28.

Defendant has not and cannot show that MGP had any reason to suspect that Defendant was infringing any of its photographs, let alone the X-Files Images, prior to 2018, when MGP discovered the infringements at issue. Quite the opposite, the Amended Complaint specifically alleges that prior to the discovery of the infringements in 2018, "MGP was not aware of Defendant or Defendant's Websites" nor had MGP ever "been aware of any of its photographs being used by Defendant or on any of Defendant's Websites." Amended Complaint ¶¶22. These allegations, taken as true, do not support a finding that MGP acted unreasonably as a matter of law.

Defendant's Motion must therefore be denied.

## II. STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are disfavored and rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). To survive such a motion, a complaint need only contain a "short and plain statement of

the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required. *Ibid*. In deciding a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). Accordingly, for a defendant to be successful in a Rule 12(b)(6) motion, there must either be (1) a "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Defendant has not demonstrated that MGP's Amended Complaint should be dismissed. MGP has sufficiently alleged a timely cause of action under the Ninth Circuit "discovery" rule, a factual inquiry for which Defendant, not MGP, bears the burden of proof. MGP has sufficiently alleged that it did not have actual or constructive notice of the infringements at issue until 2018. Because MGP's delay in discovering the infringements was not unreasonable as a matter of law, Defendant's Motion must be denied.

**III.     MGP'S COPYRIGHT INFIRNGEMENT ACTION IS TIMELY**

It is settled that in a copyright infringement suit, "the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). Where, as here, a rights holder does not and reasonably could not have discovered the infringement at issue before the commencement of the three-year limitation period, damages are permitted outside the three-year window. *See also UMG Recordings Inc. v. Global Eagle Entertainment, Inc.*, 2016 WL 345179 (C.D.Cal. Apr. 20, 2016) (granting summary judgment and dismissing statute of limitations defense).

"A claim ordinarily accrues 'when [a] plaintiff has a complete and present

cause of action.'" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1969 (2014) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)(internal quotation marks omitted)). "A copyright claim thus accrues when an infringing act occurs." *Ibid.* (internal quotation and alteration marks omitted). The Ninth Circuit has adopted, "as an alternative to the incident of injury rule, a 'discovery rule,' which starts the limitations period when 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" *Petrella*, 134 S.Ct. at 1969, n.4 (quoting *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009) (internal quotation marks omitted) and citing 6 W. Patry, Copyright § 20:19 at 20-28 (2013). This is an "actual or constructive knowledge" standard. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 615 (7th Cir. 2014). "Actual discovery is just what it sounds like; 'constructive' discovery refers to the date on which [the plaintiff] as a reasonably diligent plaintiff should have discovered that the defendants were violating its rights." *Ibid.*

The Amended Complaint does not allege, and Defendant does not argue, that MGP had actual notice of the infringements prior to discovering them in 2018. As such, the relevant inquiry here is whether MGP's allegations related to its discovery of the infringements, as a matter of law, constitute "constructive" knowledge such that a reasonably diligent plaintiff in MGP's position should have discovered the infringements.

Defendant has not and cannot show that MGP had any reason to suspect that Defendant was infringing any of its photographs, let alone the X-Files Images, prior to 2018 when MGP discovered the infringements at issue. Quite the opposite, the Amended Complaint specifically alleges that prior to the discovery of the infringement, "MGP was not aware of Defendant or Defendant's Websites" nor had MGP ever "been aware of any of its photographs being used by Defendant or on any of Defendant's Websites." Amended Complaint ¶¶22. Additionally, while

Defendants attempts to rely on the fact that Defendant's web platform has garnered over 1 billion views, Defendant has not shown, for example, that the Infringing Articles in question were widely viewed or disseminated as opposed to being only two of perhaps thousands of news articles on Defendant's Websites. Without identifying any information in the pleadings that would have prompted a reasonable inquiry by MGP, Defendant cannot simply rely on the passage of time to establish that MGP should have discovered the infringements sooner. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."(citation omitted)).

     Furthermore, the fact that MGP utilizes reverse image search technology or that it actively seeks out infringements and files lawsuits to protect its rights does not suggest that MGP acted unreasonable as a matter of law with respect to the infringement alleged here. Rather, the facts alleged show that MGP acts diligently with respect to any discovered infringements, including the instant infringements. While MGP actively monitors the Internet for infringements and utilizes technology to aide in its search, such technology necessarily has its limits. MGP utilized Google Image Search to find the infringements in this case. *See* Amended Complaint ¶21. Google search engine is a software program that automatically accesses thousands of websites (collections of webpages) and indexes them within a database stored on Google's computers. *Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1155 (9th Cir. 2007)(describing Google Image Search technology.) When a Google user accesses the Google website and types in a search query, Google's software searches its database for websites responsive to that search query. *Ibid*. Google then sends relevant information from its index of websites to the user's computer. *Ibid*. Google processes over 3.5 billion searches per day, finding webpages responsive to users' queries through an algorithmic review of billions of pages selected from over 60

trillion indexed pages. *Google, Inc. v. Hood*, 822 F.3d 212, 216 (5th Cir. 2016). In other words, give the amount of information at play, even a diligent user of Google Image Search would be looking for a proverbial needle in a haystack.

This case is factually analogous to *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1170 (N.D. Cal. 2019). In *Free Speech Sys.*, the alleged infringer, InfoWars, uploaded a photograph taken by photographer Peter Menzel on its news and opinion website in 2012. *Id.* at 1166-67. Menzel did not discover the infringement until 2018, at which point he sent a cease and desist letter to InfoWars, which subsequently filed a declaratory action for non-infringement. *Id*. at 1167. After Menzel counterclaimed for infringement, InfoWars moved to dismiss the counterclaim on the basis that the statute of limitations. *Id*. at 1170-71. In support of its Motion to Dismiss, InfoWars pointed out that Menzel had filed numerous infringement lawsuits related to the exact same photograph, that Menzel acknowledged having a "habit of searching for infringement" and that a Google reverse image search would have revealed the infringement sooner. *Id*. at 1170. In Opposition, Menzel pointed to the allegations in his counterclaim that he did not frequent the InfoWars website, that at the time of discovery in 2018 his Photograph was still displayed on the InfoWars website, and that despite his best efforts, he simply did not discovery the infringement until 2018. *Ibid.*

In denying InfoWar's Motion to Dismiss, the court noted that the fact that Menzel polices his copyrights but does not frequent the InfoWars site and that the fact that his photograph was up on the InfoWars website "does not establish as a matter of law that his delay in filing suit was unreasonable." *Ibid.*

Similar to *Free Speech Sys., LLC,* while MGP concedes that it makes an active effort to police its copyrighted works, MGP "was not aware of Defendant or Defendant's Websites" prior to discovering the infringements at issue, nor had MGP ever "been aware of any of its photographs being used by Defendant or on any of Defendant's Websites." Amended Complaint ¶22. In addition, like the photograph in

5
**OPPOSITION TO MOTION TO DISMISS**

*Free Speech Sys., LLC,* MGP's photographs were still displayed publically on Defendant's Websites in 2018 when MGP discovered them, which is how MGP obtained the screenshots of the infringements attached to its Complaint. *See Free Speech Sys., LLC*, 390 F. Supp. 3d at 1169 (Observing that the "'separate-accrual rule' in copyright law provides that when a defendant commits successive violations [of the Copyright Act], the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. [citation and quotation omitted]).

"[R]easonableness of discovering copyright infringement is generally a question of fact." *Free Speech Sys., LLC*, 390 F. Supp. 3d at 1170. That MGP polices its copyrights using reverse image search technology and has filed numerous lawsuits alleging infringement does not establish as a matter of law that its delay in discovering Defendant's infringing conduct or filing suit was unreasonable because MGP was not aware of Defendant and did not know or have reason to know its photographs were being used on Defendant's Website prior to 2018.

Defendant's Motion should therefore be denied.

## IV.   CONCLUSION

In conclusion, Plaintiff Michael Grecco Productions Inc. respectfully requests that Defendant's Motion to Dismiss be denied.

Dated: November 4, 2019                                     Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019 I electronically filed this **OPPOSITION TO MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Daniel Alexander Kadin
daniel@ruttenbergiplaw.com, docket@ruttenbergiplaw.com

Guy Ruttenberg
guy@ruttenbergiplaw.com, docket@ruttenbergiplaw.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 4, 2019, at Santa Ana, California.

/s/ *Ryan E. Carreon*
Ryan E. Carreon