Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com
*Attorneys for Plaintiff Michael Grecco Productions, Inc.*

Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Michael Eshaghian, Bar No. 300869
mike@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
*Attorneys for Defendant Ziff Davis, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZIFF DAVIS, LLC; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 2:19-cv-04776-DSF-PJW <br><br> **JOINT REPORT RE: LIMITED DISCOVERY ON THE STATUTE OF LIMITATIONS ISSUE** |

In accordance with the Court's Order of February 12, 2021 Plaintiff Michael Grecco Productions, Inc., d/b/a Michael Grecco Photography, Inc. ("MGP") and Defendant Ziff Davis LLC ("Ziff Davis") hereby submit the following Joint Report regarding efforts to meet and confer to discuss a stay of this action to conduct limited discovery related to the issue of the statute of limitations.

Specifically, the Court directed the parties as follows:

> The parties are to meet and confer and determine whether

a stay of this action other than for the purpose of conducting limited discovery that focuses on the statute of limitations question is appropriate. If they agree that a stay is appropriate, they must provide a proposed cutoff date for that discovery. If they agree that a stay is not appropriate, they must provide a Joint 26(f) Report as described in the Courts Order Setting Scheduling Conference, which can be found on Judge Fischer's Procedures and Schedules page. If they cannot agree, each party must provide a brief of no more than five pages in support of its position. The response to this order must be submitted no later than. March 1, 2021.

The parties agree that there should be a stay of this action other than for the purposes of conducting limited discovery that focuses on the statute of limitations question. The parties also anticipate that Ziff Davis would file a summary judgment motion 30 days after the conclusion of this limited fact discovery, and the parties will work out a mutually agreeable briefing schedule for that motion. The parties further agree that the stay should continue pending resolution of Ziff Davis' summary judgment motion.

The disagree as to the proposed cutoff date for that discovery. The parties acknowledge the Court's directions to file a separate brief if they disagree. But because the parties fundamentally agree that there should be a stay, they jointly submit their positions here for the Court's convenience.

**Plaintiff's Position**

MGP and Ziff Davis have both diligently conferred regarding a potential stay to conduct limited discovery on the statute of limitations issue. The parties are in agreement that a stay to conduct limited discovery would be appropriate. However, the parties are not in agreement as to the length of the proposed stay or the framework of the limited discovery. MGP has made the following proposal:

- 90 day stay of the case to conduct limited discovery;
- Exchange of initial disclosures no later than March 12, 2021;
- MGP would agree to allow Ziff Davis to serve one round of written discovery (requests for document; admissions, and interrogatories) limited to issues related to the statute of limitations;
- MGP would make its president Michael Grecco available for a deposition not to last more than 3 hours, and with questions limited to the statute of limitations issue.

In contrast, Ziff Davis has stated that it does not want a limit on written discovery because it believes that it will potentially need multiple rounds of written discovery to flesh out MGP's theories and factual positions with regards to the statute of limitations issue. Additionally, Ziff Davis has also stated that it believes the length of the stay should be significantly more than 90 days in order to accommodate the additional discovery and allow for motion practice if necessary.

In response to Ziff Davis' concerns, MGP has stated that it believes Ziff Davis could sufficiently determine MGP's factual and legal positions by way of a single set of interrogatories, and that once the written discovery is completed, to the extent Ziff Davis still has questions, it can ask them in a deposition.

MGP believes that its proposal is reasonable. The hallmark of discovery under the Federal Rules is that the discovery sought is both relevant *and proportional* to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). MGP believes that the spirit of the Ninth Circuit's suggestions for limited discovery was to promote efficiency and minimize expenses. MGP believes that its proposal reasonably balances Ziff Davis' need for discovery with setting appropriate limits

1  designed to keep the costs associates with the discovery at a minimum. MGP
2  further believes that Ziff Davis proposal is not proportionate for what amounts to a
3  relatively straightforward, narrow issue, and risks creating an expensive and time
4  consuming "case within a case."

5      MGP respectfully requests that the Court adopt its proposal for limited
6  discovery regarding the statute of limitations issue.

**Defendant's Position**

Ziff Davis proposes a cutoff date of July 16, 2021, for the limited discovery ordered here. Ziff Davis does not believe there should be any artificial limit on the "rounds" of discovery requests or deposition time. The Federal Rules already impose limitations, including the proportionality requirement of Rule 26(b)(1). Further, the scope and time limitations proposed by MGP's are unworkable here.

For now, Ziff Davis has no insight into MGP's positions relating to the statute of limitations issue, except for the barebones allegations regarding the discovery rule in MGP's First Amended Complaint. Through the meet-and-confer process, Ziff Davis invited MGP to identify the theories, witnesses, documents and facts supporting its position.[1] Thus far, MGP has declined to do so, noting that it would provide such information through discovery. Fair enough. But that just confirms Ziff Davis should first propound preliminary written discovery seeking MGP's contentions, followed by more targeted discovery designed to test those contentions. The proposed schedule should therefore include sufficient time for that process to play out. Similarly, MGP has declined to identify which—or even how many—witnesses it will rely upon to substantiate its "discovery rule" contentions. Without that information, Ziff Davis has no way of knowing how many depositions are necessary here. The schedule should also include sufficient time to raise any (hopefully unlikely) discovery disputes with the Magistrate Judge.

Ziff Davis has no interest in seeking irrelevant or expensive discovery. Allowing iterative discovery would enable Ziff Davis to propound more targeted requests once MGP has articulated its contentions. And MGP can always seek a Protective Order if it believes that Ziff Davis' requests are disproportional.

---

[1] To move things forward, Ziff Davis offered to serve discovery immediately–even before submitting this Joint Report. But Ziff Davis is hesitant to do so, given MGP's contention that Ziff Davis should have only one shot at serving discovery.

Dated: March 1, 2021

Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 Facsimile
*Attorney for Plaintiff*

**/s/Guy Ruttenberg**
Guy Ruttenberg
Michael Eshaghian
RUTTENBERG IP LAW, A
PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260
guy@ruttenbergiplaw.com
mike@ruttenbergiplaw.com

*Attorneys for Defendant*

**ATTESTATION REGARDING SIGNATURES**

I, Ryan E. Carreon, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 1, 2021             By: */s/ Ryan E. Carreon*
                                                         Ryan E. Carreon