Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Michael Eshaghian, Bar No. 300869
mike@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260

*Attorneys for Defendant Ziff Davis, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZIFF DAVIS, LLC; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 2:19-cv-04776-DSF-JC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES** <br><br> Judge:      Hon. Jacqueline Chooljian <br> Courtroom: 750 <br> Date:      N/A <br> Time:      N/A <br> Discovery Cutoff (for Statute of Limitations Issue): September 14, 2021 |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................1

II.   BACKGROUND .................................................................2

III.  VERBATIM RECITATION OF DISPUTED REQUESTS ............................3

IV.   ARGUMENT.....................................................................6

     A.    MGP Should be Ordered to Produce Documents Responsive to
         RFPs 12 and 14–16 and to Answer Interrogatory 5.................................6

     B.    MGP Should be Order to Produce Documents Response to RFP
         17. ..........................................................................9

     C.    The Court Should Deny MGP'S Protective Order Regarding Ziff
         Davis' Subpoenas to ImageRights. .........................................14

     D.    The Court Should Deny MGP's Motion to Compel Responses to
         its Interrogatories 1–7.....................................................16

V.    CONCLUSION..................................................................18

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Burris v. Versa Prods., Inc.*,
    No. 07-3938 (JRT/JJK), 2013 WL 608742 (D. Minn. Feb. 19, 2013) ....................14

*Chelko v. Does*,
    No. 3:18-CV-00536, 2019 WL 3294201 (W.D.N.C. July 22, 2019) ......................17

*Clair v. Schlachter*,
    No. 2:13-CV-804-KJM-EFB P (TEMP), 2016 WL 2984107 (E.D. Cal. 2016)......16

*Gordon v. U.S.*, 344 U.S. 414, 421 (1953)...................................................................13

*IDC Financial Publishing, Inc. v. BondDesk Grp., LLC*,
    No. 15-cv-1085-ppm, 2017 WL 4863202 (E.D. Wis. Oct. 27, 2017) ....................14

*Iroquois Master Fund, Ltd. v. Global ePoint, Inc.*,
    No. CV 08-7761 UA (SSx), 2018 WL 6929337 (C.D. Cal. Jan. 9, 2018) ..............15

*Live Face on Web LLC v. AZ Metroway, Inc.*,
    No. 5:15-cv-01707-CAS (KKx), 2016 WL 4402796 (C.D. Cal. Aug. 15, 2016) ...17

*United States v. Holton*,
    116 F.3d 1536 (D.C. Cir. 1997) ...........................................................................13

*Wolf v. Travolta*,
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) ................................................................17

<u>Statutes/Rules</u>

17 U.S.C. § 507(b) ...........................................................................................................7

Fed. R. Civ. P. 34(b)(2)(B) ..............................................................................................7

Fed. R. Evid. 1002 .........................................................................................................13

L.R. 37-1 ........................................................................................................................17

<u>Other Authorities</u>

Jessica Silbey et al., *Existential Copyright and Professional Photography*, 95 Notre
    Dame L. Rev. 263 (2019) .....................................................................................10

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES

## I. __INTRODUCTION__

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff" or "MGP") brought a copyright infringement claim against Defendant Ziff Davis LLC ("Ziff Davis") based on two *X-Files* images that were allegedly posted on Ziff Davis-owned websites in 2014. Ziff Davis' previous motion to dismiss was granted based on the statute of limitations, but the Ninth Circuit reversed and suggested limited discovery. Per that suggestion, the Court has limited discovery to the statute of limitations issues.

Ziff Davis now moves to compel Plaintiff to respond to certain discovery relating to Plaintiff's history and experience asserting copyright claims and using reverse image searching, including five Requests for Production and one Interrogatory. (To date, MGP has produced only a handful of documents.) To the extent MGP brings its own motions for relief, Ziff Davis further asks the Court to deny MGP's efforts to quash subpoenas directed to third-party ImageRights and to deny MGP's compel to compel responses to Interrogatories that are unrelated to the limited scope of discovered ordered here.

*First*, the Court should order Plaintiff to produce documents and provide information in response to RFPs 12 and 14–17 and Interrogatory 5. These requests seeks information relating to when Plaintiff discovered or should have discovered the alleged infringement—which relates directly to Plaintiff's "discovery rule" contentions.

*Second*, the Court should order Plaintiff to produce an unredacted transcript, accompanying audio file, and interview notes from an interview that Plaintiff's President (Mr. Grecco) provided in 2017. There is no basis for any of the redactions, and many of them relate directly to the statute of limitations defense. Mr. Grecco also blatantly refused to answer questions about these redactions at his recent deposition.

*Third*, the Court should deny Plaintiff's motion seeking to interfere with subpoenas issued by Ziff Davis to third-party ImageRights. According to Plaintiff's own descriptions, Plaintiff used ImageRights to search for infringers—including as

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

early as 2014—so there can be no genuine dispute that the subpoenas seek highly probative information. Plaintiff has not articulated a basis for asserting any objections of "burden," and ImageRights is willing to produce the documents.

**Fourth**, the Court should deny Plaintiff's motion to the extent it seeks to compel Interrogatory responses and other information that is unrelated to the limited discovery ordered here.

## II.  BACKGROUND

MGP purports to be a "professional media and photography company run by renowned celebrity photographer Michael Grecco." (Dkt. No. 26-1 ¶ 9). MGP also purports to own copyrights relating to certain *X-Files* photographs, including two images that are asserted in this action. (*Id.* ¶¶ 13–15). In the past, MGP had a dispute with Fox about the ownership of the *X-Files* images. In March 2019, MGP apparently executed a "Release and Settlement Agreement" with Fox. (Ex. A).

Approximately two months later—on May 31, 2019—MGP filed the instant action alleging that Ziff Davis infringes MGP's copyrights in two images of X-Files actors Gillian Anderson and David Duchovny ("Images") through two online articles published on two of Ziff Davis' websites. (*See generally* Dkt. No. 1). The parties stipulated that the articles at issue were published in January and August 2014, respectively. (Dkt. Nos. 14, 15).

To overcome the prima facie statute of limitations, MGP has invoked the so-called "discovery rule." Namely, the Copyright Act has a statute of limitations of three years. 17 U.S.C. § 507(b). Because the allegedly infringing acts occurred more than three years prior to the filing of MGP's complaint, MGP alleges that (i) it discovered the alleged infringements "after conducting a reverse image search of the Images" on or about November 2018 and (ii) "[p]rior to discovering Defendant's unauthorized use of the Images, MGP was not aware of Defendant or Defendant's Websites, nor had never [sic] been aware of any of its photographs being used by Defendant or on any of Defendant's Websites." (Dkt. No. 26-1 ¶¶ 21–22).

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

On November 18, 2019, the Court dismissed MGPs claims based on the statute of limitations and entered judgment in favor of Ziff Davis. (Dkt. Nos. 34, 35). On appeal, the Ninth Circuit reversed, explaining "it is not clear from the face of the [FAC] that MGP's copyright infringement claims were untimely." (Dkt. No. 46 at 2). The Ninth Circuit added, "For example, whether the Google reverse image search technology would have captured the images is a question of fact, inappropriate for dismissal at the motion to dismiss stage." (*Id.*). The Ninth Circuit suggested that, on remand, the district court may order limited discovery that focused on the statute of limitations question, which the parties and this Court agreed to do. (*Id.*; Dkt. Nos. 51, 52, 54).

As part of that discovery, Ziff Davis served Requests for Production and Interrogatories relating to whether and when MGP discovered and/or reasonably should have discovered the allegedly infringing images. In response, MGP has provided limited discovery. In total, MGP has produced 26 documents covering 294 pages. As relevant here, MGP refuses to produce any documents in response to RFPs 12 and 14–17 or any information in response to Interrogatory 5.

Ziff Davis also subpoenaed a company called ImageRights, which MGP has used for searching and locating alleged infringers. Although ImageRights has stated its willingness to produce documents and testimony (and although MGP did not itself interpose any objections to the subpoena), MGP has insisted that it will move for a Protective Order barring such production and testimony.

Each of these issues is discussed in further detail below. The parties have met and conferred and reached an impasse as to these issues.

### III.  VERBATIM RECITATION OF DISPUTED REQUESTS

#### REQUEST FOR PRODUCTION NO. 12:

Documents sufficient to show all instances in which You have asserted, or threatened to assert, a claim for copyright infringement based on images located via reverse imag[e] searching before May 31, 2016. For clarification, the date restriction qualifies the date on which You located

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

the images; there is no date qualification in this Request for when You asserted, or threatened to assert, the claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Request because it is vague and ambiguous. Responding Party objects to this Request on the ground that it is overbroad and unduly burdensome. Responding Party objects to this Request insofar as it seeks documents not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure and the Court's Order limiting discovery to issues related to the statute of limitations. Without waiving the forgoing objection, Responding Party responds as follows:

To the extent any responsive documents exist, Responding party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show Your involvement with the project/entity known as ImageDefenders and/or Titan, including how and when You became involved with the project/entity. *See* www.titancopyright.com and www.imagedefenders.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Request because it is vague and ambiguous. Responding Party objects to this Request on the ground that it is overbroad and unduly burdensome. Responding Party objects to this Request insofar as it seeks documents not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure and the Court's Order limiting discovery to issues related to the statute of limitations. Without waiving the forgoing objection, Responding Party responds as follows:

To the extent any responsive documents exist, Responding party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to Your engagement of and/or communications with ImageRights before November 30, 2018.

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Request on the ground that it is overbroad and unduly burdensome. Responding Party objects to this Request insofar as it seeks documents not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure and the Court's Order limiting discovery to issues related to the statute of limitations. Without waiving the forgoing objection, Responding Party responds as follows:

To the extent any responsive documents exist, Responding party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show all images and copyrighted work[s] You submitted for searching by ImageRights before May 31, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Request on the ground that it is overbroad and unduly burdensome. Responding Party objects to this Request insofar as it seeks documents not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure and the Court's Order limiting discovery to issues related to the statute of limitations. Without waiving the forgoing objection, Responding Party responds as follows:

To the extent any responsive documents exist, Responding party will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

An unredacted copy of the materials provided to Your counsel as referenced in the attached email (Exhibit A).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Request as Ziff Davis is already in possession of a redacted copy of said materials, and has been informed that the redacted portions do not relate to the statute of limitations. Responding Party objects to this Request on the ground that it is overbroad and unduly burdensome. Responding Party objects to this Request insofar as it seeks documents not relevant to

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES

any of the parties' claims or defenses raised, not proportional to the needs of the case and outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure and the Court's Order limiting discovery to issues related to the statute of limitations. Without waiving the forgoing objection, Responding Party responds as follows:

To the extent any responsive documents exist, Responding party will not produce documents in response to this Request.

**INTERROGATORY NO. 5:**

Identify any instances when You have previously asserted, or threatened to assert, claims for infringement with respect to the Asserted Copyrights.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates by reference the General Responses and Objections as set forth herein. Responding Party objects to this Interrogatory on the ground that it is overbroad and unduly burdensome. Responding Party objects to this Interrogatory insofar as it seeks information not relevant to any of the parties' claims or defenses raised, not proportional to the needs of the case and outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure and the Court's Order limiting discovery to issues related to the statute of limitations. Without waiving the forgoing objection, Responding Party responds as follows:

Responding party will not respond to this Interrogatory.

## IV.   ARGUMENT

### A. MGP Should be Ordered to Produce Documents Responsive to RFPs 12 and 14–16 and to Answer Interrogatory 5.

Ziff Davis' RFPs 12, and 14–16 and Interrogatory 5 seek certain documents and information that would show MGP's experience asserting copyright claims and using reverse image searching to do so. Information responsive to these discovery requests is relevant to MGP's assertion of the "discovery rule" in response to the statute of limitations. Specifically, MGP alleges that it lacked knowledge, and did not discover, Ziff Davis' allegedly infringing websites until November 2018. (Dkt. No. 26-1 ¶¶ 21–22). MGP also alleges that, before November 2018, it was unaware of Ziff Davis or the allegedly infringing websites. (*Id.*). MGP concedes that it ultimately discovered the websites and alleging infringing images through "reverse image

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

search[ing]." (*Id.* ¶ 21). Based on MGP's allegations, Ziff Davis seeks appropriate discovery relating to MGP's use of reverse image searching and related techniques for identifying alleged infringement.

MGP contends these requests seek irrelevant information (*i.e.*, are outside the scope of the limited discovery ordered by the Court) and are overbroad and unduly burdensome.[1] Based on discussions with MGP's counsel, Ziff Davis has offered to narrow these requests to account for any purported burden, but MGP has resisted any and all scope for these requests. *See* Fed. R. Civ. P. 34(b)(2)(B) advisory committee's notes (2015) ("An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad."). The objections should be overruled.

**RFP 12** seeks documents sufficient to show instances when MGP asserted (or threatened to assert) copyrights based on searches that were conducted before May 31, 2016. The request is narrowly tailored because it (i) seeks only "documents sufficient to show," (ii) is limited to alleged infringements discovered using "reverse image searching", and (iii) is limited to searches that occurred pre-May 31, 2016, *i.e.,* three years before MGP filed suit against Ziff Davis. (Absent the discovery rule, copyright claims are subject to a three-year statute of limitations.[2]) Because MGP is relying on the discovery rule, Ziff Davis should be afforded discovery into the searches that MGP was conducting during the relevant time period. MGP has not substantiated any burden, much less with evidence. Despite Ziff Davis' offer to work with MGP to narrow the request further to account for any burden, MGP refused any limited production. Ziff Davis asks that the Court order production.

---

[1] While MGP's written responses reference other objections, during meet and confers MGP made clear it was relying on these objections.
[2] *See* 17 U.S.C. § 507(b).

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES

**RFP 14** seeks documents concerning MGP's involvement with Image Defenders and/or Titan Copyright (collectively, "Titan").[3] Titan purports to be a service that helps copyright owners locate infringers. (*See generally* www.titancopyright.com). Mr. Grecco founded Titan. (*See* https://titancopyright.com/about/). Again, the RFP is narrowly tailored, seeking "documents sufficient to show" MGP's involvement with Titan, including how and when MGP became involved with Titan. Ziff Davis respectfully submits that MGP's involvement with such a company is highly relevant to understanding when MGP actually or reasonably could have learned of the infringement alleged in this case. Further, MGP has not substantiated any burden here. It should be ordered to produce all responsive documents.

**RFP 15** seeks documents relating to MGP's engagement of and communications with ImageRights before November 30, 2018. MGP admits that it has used ImageRights and its reverse image search tools to identify potential infringers. The Request seeks "all" documents because Ziff Davis lacks information as to the volume or nature of responsive documents. To the extent there is any burden here (which MGP has not substantiated), Ziff Davis has offered to limit this request to (i) documents regarding MGP's engagement of ImageRights, and (ii) communications regarding the specific copyrights asserted here, Ziff Davis, and/or the allegedly infringing websites and Images. MGP refused. Again, because MGP was using ImageRights to search for infringing images, the documents requested here are highly relevant for understanding when MGP actually discovered or should have discovered the accused websites in this case.

---

[3] Based on Mr. Grecco's recent testimony, Ziff Davis understands that Mr. Grecco initially started Image Defenders with one partner (Mr. Higbee, lead counsel for MGP in this case), but then created a different entity (Titan) with a different partner for substantially the same business.

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

**RFP 16** seeks documents sufficient to show images and copyrighted works that MGP submitted to ImageRights for searching before May 31, 2016. Again, the RFP is narrowly tailored to "documents sufficient to show," and is limited to the time period that would show whether and how MGP was searching for infringers more than three years before bringing this action. Responsive documents are highly relevant, as they would show how and whether MGP was searching for infringers more than three years before filing this action. MGP does not deny that responsive documents exist that would reflect this information, nor has it identified any burden in producing such documents. Again, to the extent it explains the burden, Ziff Davis would consider further limiting the request (*e.g.*, to show when and whether the works at issue here were submitted to ImageRights before May 31, 2016). But to date, MGP has not substantiated any burden, nor has it offered any scope of production.

**Interrogatory 5** asks MGP to identify instances when it has previously "asserted, or threatened to assert, claims for infringement with respect to the Asserted Copyrights." In other words, the Interrogatory is narrowly tailored to the specific copyrights at issue here. Normally, a reverse image search would yield all images that are the same or substantially similar. Thus, Ziff Davis seeks discovery as to other instances when MGP discovered images that infringe the same works at issue here. Presumably, those searches would have identified Ziff Davis' allegedly infringing images, too. Either way, the request seeks information that is highly probative and narrowly tailored. Again, MGP substantiates no burden. It should be ordered to provide a full response.

In short, the Court should overrule MGP's objections and order MGP to produce documents responsive to RFPs 12, 14–16 and answer Interrogatory 5.

**B. MGP Should be Order to Produce Documents Response to RFP 17.**

In December 2017, Michael Grecco provided an interview to certain law professors regarding his copyright enforcement practices. The authors later published

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

a law review article citing "Interview with Michael Grecco, in Brooklyn, N.Y. (Dec. 1, 2017) (transcript on file with authors)." *See* Jessica Silbey et al., *Existential Copyright and Professional Photography*, 95 Notre Dame L. Rev. 263, 303 & n.127 (2019). Ziff Davis obtained the redacted version by subpoenaing an author, who redacted certain portions (Ex. B), produced a redacted version of notes from the interview (Ex. C), and withheld an audio recording of the interview. Rather than burdening a third party with motion practice, Ziff Davis suggested the author produce the unredacted versions and audio file to MGP's counsel, which it did, so that Ziff Davis could request the materials directly from MGP. Through RFP 17, Ziff Davis seeks (i) the audio recording of the interview, and (ii) an unredacted version of interview materials.

The transcript is highly probative of MGP's "discovery rule" assertions, as it includes discussions concerning MGP's copyright enforcement efforts—including a discussion of the statute of limitations. Based on the redacted language, it appears MGP delayed asserting its claims because of a dispute with Fox concerning ownership of the asserted images—not because MGP could not locate the allegedly infringing images. MGP resolved its dispute with Fox in March 2019 (*see* Ex. B at 59) and then brought this action in May 2019. The best example shedding light on this issue is the following excerpt from the 2017 interview transcript:

> [**Redacted**] is claiming copyright against some images, my [**redacted**] images, and they're looking at a piece of paper that's wrong, so my lawyer's like, "Well, we should, we, Rex wants to dismiss the case until you settle the thing with [**redacted**]." I'm like, "Fine. But what about the statute of limitations? You need to get a tolling agreement." He goes, "Great idea." I'm like, "Yeah . . . of course it's a great idea, it's like I'm not gonna let us go past the statute of limitations.

(Ex. B at 59).

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES

MGP not only refuses to provide an unredacted transcript, but at his deposition earlier this week Mr. Grecco blatantly ***refused to answer questions*** about these issues that go directly to the statute of limitations. For example, he ***refused to answer*** when asked to confirm that the redactions refer to "Fox" and his "X-files" photos (which are asserted here against Ziff Davis). He ***refused to answer*** when asked to explain who "Rex" refers to. And he ***refused to answer*** whether his delay in bringing suit was attributable to the Fox dispute.[4]

> Q. Is there somebody named Rex that advised you that you should not bring any claims relating to your X-Files images until you settle your dispute with Fox?
> A. Asked --
> MR. CARREON: Same objection. Same instruction.
> THE WITNESS: Asked and answered. I'm not going to answer that question, Counselor.
>
> . . .
>
> Q. Is it correct that you had a dispute with Fox over your X-Files images?
> A. This is -- this does not pertain to the statute of limitations, which this deposition is about. And I'm not going to answer that question either.
>
> . . .
>
> Q. Is it is correct that someone told you that you should not bring claims relating the X-Files images until you resolve your dispute with Fox?
> A. I'm not going to answer the question.
>
> . . .
>
> Q. Did you, in fact, at some point stop pursuing claims for infringement of your X-Files images pending

---

[4] Because the deposition happened only this week, the parties have yet to meet and confer as to what further remedies are appropriate given Mr. Grecco's refusal to answer. Once the unredacted transcript is produced, Ziff Davis reserves the right to seek appropriate relief, including possible sanctions.

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

resolution of your dispute with Fox?

MR. CARREON: I'm going to object that it's outside the scope of the limited discovery. And I'm going to advise my client not to respond.

. . .

Q. . . . Did you delay bringing any claims against Ziff Davis for infringement of the Hallway image pending resolution of your dispute with Fox?

MR. CARREON: Same objection. Same instruction.

BY MR. RUTTENBERG:

Q. You are going to refuse to answer that question?

A. I am.

Q. . . . Did you delay bringing your claim against Ziff Davis for alleged infringement of the Flashlight image pending resolution of your dispute with Fox?

MR. CARREON: Same objection. Same instruction.

BY MR. RUTTENBERG:

Q. You are going to refuse to answer that question?

. . .

Q. Who is Rex as referenced in Page 59?

THE WITNESS: Attorney, any objection before...

MR. CARREON: If -- your answer is that Rex as an attorney?

MR. RUTTENBERG: Please don't coach the witness.

MR. CARREON: Well -- well, I'm asking him.

MR. RUTTENBERG: The identity of Rex is not a privileged question. He can answer the question.

MR. CARREON: No, I -- I am not. I just -- I was clarifying. He made a statement, and I was unclear if he was asking me or if he was making an answer. So I am just clarifying --

THE WITNESS: I still don't understand what this has to do with the statute of limitations and discovery.

Q. Sir, who is Rex? Please tell me --

A. I'm not going to answer you.

(Ex. D at 216:10–22, 217:2–7, 218:16–20, 221:7–12, 222:6–25, 223:2–22).

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

Further, the audio file would not only confirm the accuracy of the transcript, but it could be played at trial as the best evidence of MGP's statements concerning its ability to find alleged infringers. Indeed, tone of voice, pitch, and other intangible qualities are not reflected in a written transcript. And because the process by which this transcript was created is unknown, and the audio recording is the "best evidence" of what Mr. Grecco actually said. *See* Fed. R. Evid. 1002; *see also Gordon v. U.S.*, 344 U.S. 414, 421 (1953) ("The elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description."); *cf. United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997) ("When the original tape is available and presented to the jury and the accuracy of the transcript has been stipulated or is made an issue for the jury to decide, concerns addressed by the best evidence rule are not at issue."). For example, the written transcript contains indications that whoever (or whatever) transcribed the audio recording could not discern some words, including regarding highly relevant portions of the transcript. (*See, e.g.*, Ex. B at 42 ("so Image Rights has found 10,000 sightings [?].");  *see also id.* at 43, 49).

MGP has not presented any good reason for refusing to produce the requested documents. During the parties' meet and confer, MGP represented that the redacted information fell into three categories: (i) numbers (*e.g.*, rates, income, or settlement amounts), (ii) comments Mr. Grecco made "off the record" and (iii) comments regarding litigations Mr. Grecco was involved in. MGP declined to provide any authority that would authorizing withholding information on these grounds. A desire to hide information in otherwise relevant documents[5] is not sufficient justification for refusing discovery.

---

[5] MGP has admitted during meet and confers that the redacted documents contain otherwise relevant information.

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

Ziff Davis does not believe that the redacted materials contain information that is even "confidential." That said, to the extent there is anything confidential, Ziff Davis suggested that a protective order could operate to limit the public disclosure. *Burris v. Versa Prods., Inc.*, No. 07-3938 (JRT/JJK), 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) ("The practice of redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure, and the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege and work-product protections."). *IDC Financial Publishing, Inc. v. BondDesk Grp., LLC*, No. 15-cv-1085-ppm, 2017 WL 4863202 (E.D. Wis. Oct. 27, 2017) is instructive. There, the defendants redacted purportedly irrelevant information from about 600 out of 6,000 documents produced even though the documents at issue otherwise fell within the scope of discovery. *Id.* at *1. The court held that the defendants must produce the unredacted documents because the plaintiffs may disagree with the defendants' relevance determinations, the redacted material may provide context for the unredacted material, and the protective order— which limited the use of the documents only to the litigation—adequately addressed any disclosure concerns. *Id.* at *3.

Here, Ziff Davis is under no obligation to accept MGP's relevancy determinations. MGP has not even sought a Protective Order, much less explained how any of the information is confidential. That said, to the extent there are legitimate concerns regarding confidentiality, those could be addressed through an appropriate protective order.

**C. The Court Should Deny MGP'S Protective Order Regarding Ziff Davis' Subpoenas to ImageRights.**

As discussed above, MGP has used a service known as "ImageRights" to locate alleged infringers. On May 17, 2021, Ziff Davis served a subpoena on ImageRights, seeking documents relating to (i) communications with MGP before May 31, 2016 relating to efforts to enforce copyrights, (ii) documents relating to

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

MGP's engagement of ImageRights prior to May 31, 2016, and (iii) documents sufficient to show the copyrighted works submitted by MGP for searching by ImageRights before May 31, 2016. On May 28, 2021, Ziff Davis served a subpoena seeking testimony on (i) the authenticity of documents produced by ImageRights, (ii) MGP's engagement of ImageRights prior to May 31, 2016, and (iii) ImageRights' process for searching for unauthorized productions of copyright images. Ziff Davis also served MGP with a Notice of the subpoenas in advance of serving them on ImageRights.

The subpoena is narrowly tailored to documents and communications before the May 31, 2016 date, which triggers the three-year statute of limitations. MGP apparently informed ImageRights that MGP intends to seek a Protective Order and asked that ImageRights refrain from providing any documents or testimony. ImageRights asserted certain objections, but confirmed it would comply with the subpoenas if MGP's motion to quash is denied. (Ex. E at 3 (stating that ImageRights has "no desire to outright refuse to produce documents"), 1 (requesting to postpone the deposition until after the Court's decision)).

MGP itself did not provide any written objections in response to the subpoena.[6] Thus, MGP's objections are waived. *See Iroquois Master Fund, Ltd. v. Global ePoint, Inc.*, No. CV 08-7761 UA (SSx), 2018 WL 6929337, at *10–11 (C.D. Cal. Jan. 9, 2018) (failure of a party to serve written objections to a third-party subpoena constitutes wavier). Nor does MGP have standing to assert whatever objections ImageRights asserted—especially since ImageRights has indicated its readiness to

---

[6] The objections provided by ImageRights (which is represented by separate counsel) includes the following paragraph in response to each of the three RFPs: "Plaintiff further objects to this request as premature in that that it seeks the production of documents before the Court resolves Plaintiff Michael Grecco Productions, Inc.'s forthcoming Motion to Quash, as noticed by counsel for Grecco to counsel for Ziff Davis through the Rule 7-3 meet and confer process that took place on or about June 3, 2021, which will seek to quash the subpoena in its entirety." Even there, Plaintiff's objections are not explained.

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES

produce documents and sit for a deposition. *See Clair v. Schlachter*, No. 2:13-CV-804-KJM-EFB P (TEMP), 2016 WL 2984107, at *5 (E.D. Cal. 2016) ("A party's objection that a subpoena issued to a non-party seeks irrelevant information or imposes an undue burden on the non-party is not grounds on which the objecting party has standing to assert, especially where the non-party, itself, has not objected."). Moreover, MGP has not clearly articulated its objections through the meet-and-confer process.

In any event, Ziff Davis requests that the Court deny MGP's motion for Protective Order (to the extent it seeks one), overrule MGP's objections (to the extent it asserts any) and order that ImageRight's production and deposition should proceed.

### D. The Court Should Deny MGP's Motion to Compel Responses to its Interrogatories 1–7.

Discovery in this case is limited to "the statute of limitations issue." (Dkt. No. 54). On May 6, 2021—almost two months into the limited discovery period ordered by the Court—MGP served its first set of Interrogatories to Ziff Davis. Interrogatories 1–3 ask Ziff Davis to identify the dates in which the following occurred: (i) the Flashlight Photo was removed from the IGN website, (ii) the Hallway Photo was removed from the AskMen website, and (iii) the Hallway Photo article was removed from the AskMen website. Interrogatories 4–7 ask for the number of page views for the following: (iv) the Flashlight Photo article from the date it was posted until it was taken down, (v) the Hallway Photo article from the date it was posted until it was taken down, (vi) the Flashlight Photo article from May 31, 2016 until it was taken down, and (vii) the Hallway Photo article from May 31, 2016 until it was taken down. None of these requests relate to the statute of limitations at issue here.

During the parties' meet and confer, MGP suggested that Interrogatories 1–3 seek relevant information because (according to MGP) a separate act of infringement supposedly occurs whenever a user *accesses* the article. On the contrary, other courts,

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES

including in this district, have categorically rejected such a theory. *See e.g.*, *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) (an "allegedly infringing document—published in 2010, outside the relevant three-year window—remain[ing] on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window") (internal quotes and modifications omitted); *Live Face on Web LLC v. AZ Metroway, Inc.*, No. 5:15-cv-01707-CAS (KKx), 2016 WL 4402796, at *20 n.4 (C.D. Cal. Aug. 15, 2016) (continued use of allegedly infringing source code that was unchanged in defendants' source code was single act of infringement, "not a series of new wrongs that give rise to separately accruing harm for each month of defendants' allegedly infringing use") (internal quotes and modifications omitted); *Chelko v. Does*, No. 3:18-CV-00536, 2019 WL 3294201, at *4–5 (W.D.N.C. July 22, 2019) (citing *Wolf* and finding claim time-barred).

Further, MGP provided ***zero*** authority supporting its latest contention. *See* L.R. 37-1 (requiring moving party to provide authority for its position as part of the meet-and-confer process). Indeed, when Ziff Davis first moved to dismiss, Ziff Davis pointed out, "It is well-settled that maintaining a previously published article does not give rise to a new copyright infringement claims." (Dkt. No. 17-1 at 5:13–14 (collecting cases)). In its opposition papers, MGP did not disagree. (*See generally* Dkt. No. 19). As a result, when the Court granted the motion to dismiss, the Court did not need to address this point. (*See generally* Dkt. No. 24). Nor was it addressed in response to Ziff Davis's second motion to dismiss.

MGP also tried to raise various "back-up" arguments to justify this discovery, none of which hold water. For example, MGP suggests that how long the articles were available—and how often they were trafficked—shows whether MGP could have discovered the accused websites before May 31, 2016. But MGP fails to explain how or why that would be true. On the contrary, (i) the parties have stipulated that the articles were published (and made publicly available) in January and August 2014, (ii) MGP alleges that the websites are highly trafficked, and (iii) MGP alleges that the

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

websites were still publicly available when MGP allegedly discovered them in November 2018. (Dkt. No. 14, 15; Dkt. No. 26-1 ¶¶ 16–22). And even based on the theories raised by MGP, relevant information would be limited to traffic before ***May 31, 2016***—*i.e.*, three years before the Complaint was filed. MGP has not even attempted to explain why page views after that time period would be relevant.

In short, The Court should deny MGP's motion to compel responses for Interrogatories 1–7.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Ziff Davis respectfully requests the Court order MGP to produce documents responsive to RFPs 12, 14–17, provide a full answer to Interrogatory 5, and produce unredacted copies of Mr. Grecco's interview transcript and accompanying interview notes, and the audio file of the interview. The Court should also deny any motion for protective order with respect to ImageRights and MGP's motion to compel responses to Interrogatories 1–7.

DATED: July 16, 2021          By:    */s/ Michael Eshaghian*

Guy Ruttenberg
Michael Eshaghian
RUTTENBERG IP LAW, A
PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260
guy@ruttenbergiplaw.com
mike@ruttenbergiplaw.com

*Attorneys for Defendant*

MEM. OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES