1  Guy Ruttenberg, Bar No. 207937
   guy@ruttenbergiplaw.com
2  Michael Eshaghian, Bar No. 300869
   mike@ruttenbergiplaw.com
3  RUTTENBERG IP LAW,
4  A PROFESSIONAL CORPORATION
   1801 Century Park East, Suite 1920
5  Los Angeles, CA 90067
   Telephone: (310) 627-2270
6  Facsimile: (310) 627-2260

7

8  *Attorneys for Defendant Ziff Davis, LLC*

9

10              **UNITED STATES DISTRICT COURT**

11           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13

| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC., | Case No. 2:19-cv-04776-DSF-JC |
|---|---|
| Plaintiff, | **DECLARATION OF GUY RUTTENBERG IN SUPPORT OF DEFENDANT ZIFF DAVIS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY** |
| v. | |
| ZIFF DAVIS, LLC; and DOES 1 through 10 inclusive, | |
| Defendants. | Date: August 16, 2021<br>Time: 1:30 PM<br>Courtroom: 7D<br>Judge: Hon. Dale S. Fischer |

I, Guy Ruttenberg, declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Court. I am a principal at the law firm of Ruttenberg IP Law, A Professional Corporation ("RIPL"), attorneys for Defendant Ziff Davis, LLC ("Defendant" or "Ziff Davis"). If called as a witness, I could and would testify competently as to the facts set forth below, as I know each to be true based upon my own personal knowledge or upon my review of the files and records maintained by Ruttenberg IP Law, A Professional Corporation, in the regular course of its representation of Ziff Davis. I submit this declaration in support of Defendant's Opposition to Plaintiff Michael Grecco Productions, Inc. ("MGP")'s Motion to Disqualify.

2. After spending over a decade a large international law firm, I started RIPL as a boutique law firm in October 2012. I have never had any partners at RIPL.

3. I am now, and always have been, in good standing with the California Bar. There have been no ethical violations alleged against me, our firm or anyone associated with RIPL. As far as I know, there has been no ethical violations involving any of our attorneys before they were hired by RIPL.

4. RIPL has represented J2 Global and related companies (including Ziff Davis) for most of our firm's existence, including in more than two dozen matters over the past six years. Our firm was also representing J2 Global and Ziff Davis in March and April 2018.

5. RIPL has been Ziff Davis' counsel of record from the outset of the instant litigation. Even before we made a formal appearance on the record, I first reached out to Plaintiff's via correspondence on June 28, 2019. Before June 18, 2021 (nearly two years later), Plaintiff has never objected to our representation of Ziff Davis—or to our representation of any other party adversely to Plaintiff.

6. Mr. Bassil Madanat was an associate at RIPL in 2018, although he recently departed from the firm. Mr. Madanat was never staffed on (and never worked on) the above-captioned litigation, which was staffed by other attorneys.

7. Ms. Jean Lee was an admin at RIPL in 2018, although she left the firm in around August 2019.

8. RIPL has never solicited MGP as a client.

9. My wife, Ms. Yifat Hassid, previously worked as a criminal defense attorney (not through RIPL). I am aware that Ms. Torina Yamada was an assistant to my wife (unrelated to RIPL) more than a decade ago before we were married.

10. I recall that when my wife was in the hospital giving birth to our first child, Ms. Yamada reached out seeking a referral. From reviewing the email in Exhibit B to the declaration of Mr. Grecco (Dkt. No. 76-1), it looks like Ms. Yamada sent me a short message on April 12, 2018, with very little information, acknowledging that I was unavailable and asking whether I could connect her with an associate or partner. At her request, I forwarded that message (in Exhibit B) to an associate (Mr. Madanat).

11. I understand Mr. Grecco also enclosed Exhibits A and C to his declaration. I have no recollection of reading the substance of the email chain reflected in Exhibits A and C to Dkt. No. 76-1 in 2018. It looks like I was only added to chain on April 10, 2018 (when I was in the hospital with my wife). Since Ms. Yamada started a new email chain directly with me on April 12, 2018, it looks like I only forwarded the new email (in Exhibit B) to Mr. Madanat, who then scheduled a call and (to my understanding) reported back to Ms. Yamada or Mr. Grecco that this was not something RIPL would pursue.

12. After MGP filed its motion to disqualify, MGP's counsel agreed that I (and others at RIPL) could review the unredacted versions of Exhibits A and C for purposes of responding to this motion, and that doing so now would not be any basis for disqualification. Having reviewed the unredacted emails now, I still have no recollection of reading the substance contained therein at the time they were sent. As far as I can tell, no one from RIPL read the emails reflected in Exhibits A and C in Dkt. No. 76-1 at the time they were sent.

13. As a general practice and policy at our firm, when we communicate with a new potential client or even a referral source, we caution such individuals that they should not share confidential information during any preliminary discussion and especially before we have had a chance to run a conflicts check.

14. Mr. Grecco's deposition in this matter proceeded on July 13, 2021, and Ms. Yamada's deposition in this matter proceeded on July 23, 2021. For those deposition, both witnesses were also designated with respect to certain Rule 30(b)(6) topics.

15. In his declaration filed with the Court, Mr. Grecco only references a phone call with Mr. Madanat. At his recent deposition, however, Mr. Grecco testified about a second, "follow-up" call that he says included myself, Mr. Madanat, Ms. Yamada and Mr. Grecco. I have no recollection of ever speaking to Mr. Grecco before his deposition in this case, and I do not believe I was involved in in any follow-up call. At his deposition, Mr. Grecco insisted that he has a calendar entry for that call and promised to provide it. I followed up with MGP's counsel, who confirmed that no such calendar entry exists.

16. To the best of my knowledge and recollection, I have never spoken with Ms. Yamada regarding anything having to do with MGP or Michael Grecco.

17. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the rough transcript from the July 13, 2021 deposition of Michael Grecco in this case.

18. Attached hereto as **Exhibit 2** is a true and correct copy of the March 26, 2021 initial disclosures filed by MGP in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this day, July 26, 2021, in Los Angeles, California.

By:  */s/ Guy Ruttenberg*
Guy Ruttenberg

DECLARATION OF GUY RUTTENBERG